# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID A. STEVENS,

        Appellant,

    v.

OFFICE OF PERSONNEL
    MANAGEMENT,

        Agency.

DOCKET NUMBER
AT-0842-21-0545-M-1

DATE:  March 13, 2026

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>David A. Stevens</u>, Munford, Tennessee, pro se.

<u>Eva Ukkola</u> and <u>Carla Robinson</u>, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

This appeal is before the Board on remand from the U.S. Court of Appeals for the Federal Circuit for the Board to reconsider its determination that it lacks jurisdiction over the appeal. For the reasons discussed below, we VACATE the April 4, 2024 Final Order in *Stevens v. Office of Personnel Management*, MSPB Docket No. AT-0842-21-0545-I-1, GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the administrative judge's initial decision affirming the July 14, 2021 reconsideration decision of the Office of Personnel Management (OPM), and REMAND the case to OPM to issue a new reconsideration decision in accordance with this Remand Order. We also FORWARD to the regional office for docketing as a separate appeal a claim against the Department of the Navy (Navy) under 5 C.F.R. § 847.107.

## BACKGROUND

The appellant was continuously employed by the Navy from January 5, 1987, until his retirement on March 31, 2019. *Stevens v. Office of Personnel Management*, MSPB Docket No. AT-0842-21-0545-I-1, Initial Appeal File (IAF), Tab 18 at 4, 73. He was first appointed to a Nonappropriated Fund Instrumentality (NAFI) position and enrolled in the Navy's NAFI retirement program.[2] IAF, Tab 1 at 4, Tab 18 at 73. On September 29, 1993, his position was converted to a General Schedule (GS) position, and he was automatically enrolled in the Federal Employees' Retirement System (FERS). IAF, Tab 1 at 4, Tab 18 at 73. On August 15, 1994, the appellant accepted a NAFI position and was re-enrolled in the Navy's NAFI retirement program. IAF, Tab 1 at 4, Tab 18 at 73. On March 1, 1998, his position was again converted to a GS position, and he was re-enrolled in FERS. IAF, Tab 1 at 4, Tab 18 at 73.

On March 6, 1998, the appellant signed form NAF-CS-1 that provided him with the irrevocable option to either: (1) retain NAFI retirement coverage regardless of future moves between NAFI and civil service positions, or (2) enter the FERS retirement plan without receiving any service credit in FERS for time spent under the NAFI plan." IAF, Tab 18 at 31. The appellant elected option 2.

---

[2] A nonappropriated fund instrumentality is generally one to which the government has provided funds to initiate operations and the government loan is repaid out of profits earned by the activity. Thus, the activity is created by the government, with government funds, for government personnel. Military exchanges and similar entities are the major types of NAFIs. *Suarez v. Office of Personnel Management*, 58 M.S.P.R. 639, 641 n.1 (1993).

*Id.* He subsequently applied for a refund of his NAFI retirement contributions and received a lump sum check by letter dated April 2, 1998. *Id.* at 28, 30.

The appellant retired effective March 31, 2019, and applied for an immediate FERS annuity. *Id.* at 4, 99-108. The Navy completed the appellant's Certified Summary of Federal Service form and noted that his NAFI service was not creditable towards his FERS annuity due to his prior election. *Id.* at 104. On May 18, 2019, the appellant sent a letter to OPM requesting to make a one-time election to combine his NAFI service and FERS service toward a single retirement benefit under section 1043 of the National Defense Authorization Act for Fiscal Year 1996, Pub. L. No. 104-106, 110 Stat. 186, 434-39 (codified at 5 U.S.C. § 8347) (PL 104-106) and OPM Benefits Administration Letter (BAL) 96-108, which provided guidance on PL 104-106. IAF, Tab 5 at 36. In his letter, the appellant acknowledged that he had previously elected not to retain NAFI coverage, but he noted that he was never offered the opportunity to elect to combine his NAFI service and his FERS service toward one single benefit. *Id.* On December 16, 2019, OPM issued an initial decision denying the appellant's request to combine his NAFI service and FERS service because he had not signed election form "Election of FERS with Credit for NAFI service under [PL] 104-106" before August 11, 1997, the deadline under PL 104-106.[3] *Id.* at 43-44. The appellant requested reconsideration, arguing that OPM guidance indicated that the August 11, 1997 deadline could be waived for any employee, like him, who did not receive timely notice of such an election opportunity. *Id.* at 47, 53, 56. By letter dated December 18, 2020, OPM notified the appellant that, for his NAFI service to be credited for FERS purposes under PL 104-106, the election must have been made by August 11, 1997, and it informed him that

---

[3] On April 17, 2020, OPM issued another initial decision in which it similarly found that the appellant was not entitled to credit his NAFI service based on the fact that OPM had not received any transfer of contributions from the NAFI retirement plan that it could use to apply to his annuity to make the NAFI service creditable. IAF, Tab 5 at 61. The appellant requested reconsideration. *Id.* at 65.

only the Navy could waive the deadline under 5 C.F.R. § 847.304 and provided him with the Navy contact information to request a waiver. *Id.* at 77. The appellant requested a waiver, IAF, Tab 5 at 79, 83, Tab 18 at 23; however, the Navy indicated that it was not responsible for providing a waiver and referred him back to OPM, IAF, Tab 5 at 83.

On July 14, 2021, OPM issue a reconsideration decision affirming its initial decision and finding that the appellant's NAFI service was not creditable towards his retirement under FERS. *Id.* at 88-90. OPM concluded without explanation that the appellant did not meet the requirements of 5 C.F.R. § 847.202(d).[4] *Id.* at 88. OPM also stated that the appellant was not eligible to combine his FERS and NAFI service toward one retirement benefit under section 1043 of PL 104-106 because OPM guidance BAL 96-108, issued on August 10, 1996, targeted employees who were in FERS-covered positions at that time, and the appellant had been in a NAFI-covered position then. *Id.* at 89. OPM also stated that the appellant's conversion to a FERS position in 1998 was not a qualifying move under BAL 96-108 because it was not prior to August 10, 1996, and it noted that the appellant had signed form NAF-CS-1 electing not to remain in the NAFI retirement program and had subsequently received a refund of his NAFI retirement contributions. *Id.*

The appellant subsequently filed a Board appeal disputing OPM's numerous conclusions and the fact that it did not address the Navy's failure to grant him a waiver. IAF, Tab 1 at 6. On January 28, 2022, the administrative judge issued an initial decision based on the written record, affirming OPM's reconsideration decision. IAF, Tab 23, Initial Decision (ID) at 1. The administrative judge found that the appellant's March 1, 1998 conversion to a FERS position was not a qualifying move under 5 C.F.R. § 847.202(f) because it

---

[4] This appears to be an error. OPM seems to be referring to 5 C.F.R. § 847.202(f). Additionally, OPM concluded that the appellant did not meet the requirements of 5 C.F.R. § 831.305, which is not relevant to the particular facts of the appellant's case. IAF, Tab 5 at 89.

did not occur prior to August 9, 1996. ID at 4. He further stated that he considered the authorities that the appellant submitted on appeal, including BAL 96-108, but he found that none of those authorities provided a means for the appellant to obtain service credit for his NAFI service because he must have transferred from a position under NAFI to a position under FERS prior to August 9, 1996. ID at 5. The administrative judge did not address whether the appellant's first conversion from a NAFI position to a FERS-covered position on September 29, 1993, was a qualifying move.

The appellant filed a timely petition for review. *Stevens v. Office of Personnel Management*, MSPB Docket No. AT-0842-21-0545-I-1, Petition for Review (PFR) File, Tab 1. On April 4, 2024, the Board issued a Final Order vacating the initial decision and dismissing the appeal for lack of jurisdiction. PFR File, Tab 6. The Board found that under 5 C.F.R. §§ 846.106-.107, the appellant should have raised the issue of whether he was eligible to retroactively elect to have his prior NAFI service treated as creditable service for purposes of his FERS annuity with the Navy instead of OPM. *Id.* at 5-7. The Board found that it lacked jurisdiction over the matter because the Navy had not issued a final written decision setting forth its findings and conclusions containing a notice of appeal rights that the appellant could then appeal to the Board. *Id.* at 8.

The appellant appealed the Board's decision to the Federal Circuit. *Stevens v. Office of Personnel Management*, MSPB Docket No. AT-0842-21-0545-L-1, Litigation File (LF), Tab 1. While the case was pending before the court, the Board filed a motion for remand to reconsider its jurisdiction over the appellant's appeal of OPM's reconsideration decision, LF, Tab 9, which the court granted, LF, Tab 10.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The Board has jurisdiction over the appellant's appeal of OPM's reconsideration decision.</u>

Under 5 U.S.C. § 8461(e)(1), the Board has jurisdiction to review "an administrative action or order affecting the rights or interests of an individual" under FERS. *Eller v. Office of Personnel Management*, 121 M.S.P.R. 551, ¶ 8 (2014). Because OPM's reconsideration decision affects the appellant's rights or interests under FERS, the Board has jurisdiction over this appeal. 5 U.S.C. § 8461(e)(1); 5 C.F.R. § 841.308. Accordingly, we vacate the April 4, 2024 Final Order finding that the Board presently lacks jurisdiction over this matter.

<u>OPM's reconsideration decision failed to adjudicate all of the claims and dispositive issues before OPM.</u>

The general purpose of section 1043 of PL 104-106 was to allow certain FERS and NAFI employees who had a qualifying move after December 31, 1965, and before August 10, 1996—the effective date of the implementing regulations at 5 C.F.R. part 847—to combine all of their NAFI and regular civil service toward a single retirement benefit. IAF, Tab 5 at 34, Tab 18 at 127. The regulations at 5 C.F.R. part 847 subpart B (§ 847.201 to § 847.211) contain information about prospective retirement coverage elections, and subpart D (§ 847.401 to § 847.443) contains information about the types of retroactive elections available, the eligibility requirements, and the effect of such elections under section 1043(c)(2). 5 C.F.R. § 847.102(a)(2), (4). Subpart C (§ 847.301 to § 847.305) contains information about the procedures applicable to retroactive retirement coverage and alternative credit elections under section 1043(c)(2). 5 C.F.R. § 847.102(a)(3).

Qualifying moves under subpart B are defined at 5 C.F.R. § 847.202. As noted above, 5 C.F.R. § 847.202(f) specifically defines a qualifying move occurring between January 1, 1987, and August 9, 1996. Notably, qualifying moves under subpart D are defined at 5 C.F.R. § 847.402. Specifically, 5 C.F.R.

§ 847.402(b) defines a qualifying move occurring after December 31, 1965, and before August 10, 1996, that would allow an employee the opportunity to elect to continue retirement coverage under a NAFI retirement system retroactive to the date of the qualifying move.

The regulations specify that the employing agency is responsible for notifying its employees of the opportunity to make an election under this part, for determining if an employee who wishes to make an election under subpart B or D is qualified to do so, and for counseling employees with respect to the election. 5 C.F.R. § 847.105(a); *see also* 5 C.F.R. § 847.302. Employees were required to make their retroactive elections under subpart D by August 11, 1997. 5 C.F.R. § 847.304(a). However, the regulations state that "the employing agency must waive the time limit . . . in the event that an employee did not receive such notice or counseling." 5 C.F.R. § 847.304(b); *see also* 5 C.F.R. § 847.206(b). The regulations explicitly declare that failure to provide notice to the employee of the opportunity to elect to continue retirement coverage under subpart D is justification for waiving the time limit under section 847.304. 5 C.F.R. § 847.302.

OPM issued BAL 96-108 to provide benefits officers with the necessary information they would need to inform employees about PL 104-106, to counsel eligible employees about the elections they could consider, and to process any employee elections. IAF, Tab 5 at 34. BAL 96-108 specifically covered "the election opportunities available to current FERS employees." *Id.* However, it also explicitly stated in section C that "[c]urrent NAFI employees may also qualify to elect to combine all their service toward a single retirement benefit" and that "[t]he election opportunities for current NAFI employees will be addressed in guidance issued by DoD and Coast Guard." *Id.* It does not appear that such guidance was ever issued though.

In this case, over the course of his correspondence with OPM, the appellant received many different responses as to why OPM believed he was not entitled to

have his NAFI service credited toward his retirement under FERS. As discussed above, OPM stated without explanation in its reconsideration decision that the appellant did not meet the requirements of 5 C.F.R. § 847.202(f). IAF, Tab 5 at 89. OPM also stated that the appellant was not eligible because BAL 96-108 targeted employees who were in FERS-covered positions, because the appellant's conversion to a FERS position on March 1, 1998, was not a qualifying move, and because the appellant had signed the form NAF-CS-1 and received a refund of his NAF contributions. *Id.* In the initial decision, the administrative judge agreed with OPM that the appellant's move from a NAFI position to a FERS position on March 1, 1998, was not a qualifying move under 5 C.F.R. § 847.202(f). ID at 4-5.

We have several problems with OPM's response. Initially, we note that OPM did not explain why it analyzed the appellant's case under section 847.202(f) when, as indicated above, subpart D of part 847 concerns retroactive elections and appears to be applicable. Indeed, OPM's initial correspondence suggests that it considered part 847 subpart D to be relevant here. IAF, Tab 5 at 43, 61, 77. Additionally, if the applicability of 5 C.F.R. § 847.202 is correct, OPM did not explain why the appellant's first move from a NAFI position to a FERS position on September 29, 1993—which falls within the January 1, 1987 to August 9, 1996 timeframe contemplated by 5 C.F.R. § 847.202(f)—was not a qualifying move, and the administrative judge's initial decision did not address the issue either. *Id.* at 88-90; ID at 3-5. The appellant has steadfastly maintained that the Navy erroneously failed to notify him of his election opportunities during this time, and he explicitly acknowledged in his Board appeal that his second conversion to a FERS position on March 6, 1996, was not a qualifying move but that he believed that his first conversion to a FERS position on September 29, 1993, met the timeline requirements. IAF, Tab 1 at 6, Tab 5 at 57, 67-68.

Furthermore, as the appellant has persistently pointed out, BAL 96-108 does not only mention FERS employees; it also stated that "[c]urrent NAFI employees may also qualify to elect to combine all their service toward a single retirement benefit," and it indicated that such guidance would be forthcoming. IAF, Tab 5 at 34, 89. OPM did not address this explicit recognition of NAFI employees, discuss whether guidance was ever issued for NAFI employees, or explain the effect on the appellant's case if it was or was not. Similarly, again OPM did not provide a reason as to why the appellant's move to a FERS position on September 29, 1993, was not a qualifying move under BAL 96-108 even though it was prior to August 9, 1996. *Id.* at 89. And, although OPM stated that the appellant signed the form NAF-CS-1 and received a refund of his NAF contributions, it failed to address the appellant's contention that a one-time election under PL 104-106 is a separate matter. Specifically, the form NAF-CS-1 did not offer the appellant the opportunity to combine his FERS and NAFI service towards one retirement benefit as outlined in PL 104-106 and did not include the information specified in 5 C.F.R. § 847.303 (election forms). *See* PFR Tab 1 at 4. In fact, OPM's initial decision from December 16, 2019, indicates that the relevant form is "Election of FERS with Credit for NAFI service under [PL] 104-106." IAF, Tab 5 at 43. To this end, OPM also failed to address the appellant's contention that the fact that it had not received any transfer of contributions from the NAFI retirement plan that it could use to apply to the appellant's annuity to make his NAFI service creditable is only true because the agency failed to comply with PL 104-106. Moreover, OPM did not address the fact that the regulations provide that the employing agency, not OPM, is responsible for determining if an employee is eligible to make an election. *See* 5 C.F.R. § 847.105.

When, as here, OPM fails to adjudicate all claims and dispositive issues before it, the Board may remand the case to OPM to conduct a full review of the matter. *Byrum v. Office of Personnel Management*, 618 F.3d 1323, 1332-33 (Fed.

Cir. 2010); *Ott v. Office of Personnel Management*, 120 M.S.P.R. 453, 455-56 (2013). In light of the foregoing omissions, we vacate the initial decision and remand the appeal to OPM to issue a new reconsideration decision. In the new decision, OPM should, consistent with the above, specifically explain what authorities it finds applicable to the appellant's case and why. In doing so, we direct OPM to explain why its decision as a whole is not premature in the absence of a final decision from the Navy on the appellant's eligibility to make a retroactive election. If 5 C.F.R. § 847.202(f) is indeed applicable to the appellant's case, OPM should explain its determination and reasoning regarding whether the appellant's first conversion from a NAFI position to a FERS-covered position on September 29, 1993, was a qualifying move under 5 C.F.R. § 847.202(f). OPM should also specifically discuss BAL 96-108's explicit reference to then-current NAFI employees and the effect of this statement on the appellant's case, including whether the appellant's move to a FERS position on September 29, 1993, was a qualifying move under BAL 96-108. OPM should also address the appellant's argument that previously signing the form NAF-CS-1 and receiving a refund of NAF contributions does not foreclose his opportunity for a one-time election under PL 104-106, as discussed above. OPM should take into consideration the regulations at 5 C.F.R. § 847.303 and BAL 96-108 and thoroughly explain its reasoning.

<u>We forward for docketing as a new appeal a claim on the appellant's behalf against the Navy.</u>

As discussed above, OPM's regulations implementing section 1043 of PL 104-106 make each agency responsible for notifying its employees of the opportunity to make retroactive elections and for counseling employees with respect to the election. *See* 5 C.F.R. §§ 847.101(a), .105(a). The regulations also assigned each agency the responsibility of determining whether an employee qualifies to make the election. *See* 5 C.F.R. §§ 847.105–.106. OPM's regulations give individuals the right to request the Board to review a final agency

determination of their eligibility to make an election. *See* 5 C.F.R. § 847.107(a). Under OPM's regulations, an appeal to the Board is the exclusive remedy for review of agency decisions concerning eligibility to make retroactive elections under 5 C.F.R. part 847 subparts B and D. *See* 5 C.F.R. § 847.107(b). When an agency determines that an employee is not eligible to make an election under 5 C.F.R. part 847 subparts B or D, it must issue a final decision to the employee in writing that sets forth the agency's findings and conclusions and contains notice of the right to request review by the Board. 5 C.F.R. § 847.106. An agency's decision to waive the time limit must also comply with the provisions of § 847.106, including notification of the right of appeal to the Board under § 847.107. 5 C.F.R. § 847.206.

As previously noted, the appellant contacted the Navy to request a waiver per OPM's direction, but the Navy informed him in a brief March 31, 2021 email that it "was not responsible for providing a waiver with regard to [his] PL 104-106 request to apply NAF service toward [his] current FERS benefit," and it referred him back to OPM. IAF, Tab 5 at 83; *see also* IAF, Tab 18 at 23-24, 27. There is little in the record regarding this determination, or lack thereof, or what, if any, communications the appellant has had with the Navy between then and the initiation of this litigation. *See* IAF, Tab 18 at 32-36.

Consequently, and in an effort to expedite this matter in which the appellant has been seeking a clear and direct response for several years, we forward for docketing as a separate appeal a claim against the Navy on the appellant's behalf under 5 C.F.R. § 847.107. In this appeal, the administrative judge shall offer the parties an opportunity to present evidence and argument regarding whether the Navy has issued the appellant a final decision on his eligibility to make a retroactive election per 5 C.F.R. §§ 847.105-.106. If the administrative judge determines that the Navy has issued the appellant a final written decision, the administrative judge should adjudicate the appeal as appropriate, including determining whether the new appeal is timely. *See*

5 C.F.R. § 847.106. If the administrative judge determines that the Navy has not issued a final written decision, consistent with the Board's discussion in *Markanich v. Office of Personnel Management*, 104 M.S.P.R. 323, ¶ 12 (2006), we order the administrative judge to take jurisdiction over this case on the ground that the Navy is refusing to issue such a decision. *Markanich*, 104 M.S.P.R. 323, ¶ 12 (finding a lack of jurisdiction in part because there was no evidence that the appellant's former employing agency had refused to issue her a final written decision, which it was required to provide to her under 5 C.F.R. § 847.106(b), so as to enable the appellant to file a Board appeal pursuant to 5 C.F.R. § 847.107(a)); *see also McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 74 (the Board will accept jurisdiction over a retirement matter, notwithstanding OPM's failure to issue a reconsideration decision on the matter, where OPM has, in effect, refused to issue a reconsideration decision), *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table).

## ORDER

For the reasons discussed above, we vacate the initial decision and remand this case to OPM for further adjudication. On remand, OPM shall issue a new reconsideration decision addressing the appellant's claim, in accordance with the discussion and instructions set forth above. OPM shall advise the appellant of his right to file an appeal with the Board's regional office if he disagrees with the new decision. *See Litzenberger v. Office of Personnel Management*, 88 M.S.P.R. 419, 424 (2001).

We ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

FOR THE BOARD:     _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.